# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 13-CR-105(2) (RHK/JJK) <br> Civil No. 15-CV-580 (RHK) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER ON MOTION MADE PURSUANT TO 28 U.S.C. § 2255** |
| MICHAEL STEVEN SCHOENFELDER, | |
| Defendant. | |

This matter is before the Court on Defendant's February 23, 2015, Motion to Vacate, Set Aside or Correct Sentence, brought under 28 U.S.C. § 2255. (Doc. Nos. 91-92). Defendant's motion will be denied, for the reasons discussed below.

I.  RELEVANT PROCEDURAL AND FACTUAL HISTORY

On May 3, 2013, Defendant Michael Steven Schoenfelder ("petitioner" or "Schoenfelder") was named in a six-count Indictment charging him, his co-defendant, and others with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine beginning in or about August 2012, and continuing through in or about March 2013, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. (Doc. No. 1, Indictment).[1]

Pursuant to a plea agreement, on June 13, 2013, petitioner appeared with his counsel and pled guilty to Count 1 of the Indictment. (Doc. No. 39.) United States

---

[1] Citations to the District Court Docket are designated as "Doc."

Probation and Pretrial Services generated a Presentence Investigation Report ("PSR"). Based upon a total offense level of 29 and a criminal history category of VI, petitioner's guideline imprisonment range was 151 months to 188 months. (PSR ¶ 109.) After the parties filed pre-sentencing position papers, the Court sentenced petitioner on May 16, 2014. The Court imposed a term of 72 months imprisonment, four years of subsequent supervised release with various conditions, as well as a $100 special assessment. (Doc. Nos. 76-80.) The Court entered its judgment the same day. (Doc. No. 79.)

After filing the instant Motion to vacate under 28 U.S.C. § 2255 on February 23, 2015, petitioner on July 1, 2015, also filed a Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 782 to the Sentencing Guidelines (sometimes referred to as the "Drugs Minus Two" law). Amendment 782 became effective on November 1, 2014, and lowered the drug quantity base offense levels applicable to certain drug offenses. The United States submitted that Amendment 782 functionally reduced petitioner's applicable guideline range of imprisonment to 92-115 months. (Doc. No. 101 at 1.) Petitioner asked that his sentence be reduced to 60 months, and the United States did not oppose that request. Id. On July 6, 2015, the Court granted petitioner's § 3582(c)(2) Motion and resentenced him to a term of 60 months. (Doc. No. 102.)

Meanwhile, petitioner's instant Section 2255 Motion argues that he was provided ineffective assistance of counsel. Specifically, petitioner claims he entered into the plea agreement after his counsel assured him that the Federal Bureau of Prisons (BOP) would calculate his former jail time as part of sentencing credit, which BOP did not do.

Petitioner cites to 18 U.S.C. § 3585 and ineffective assistance as the basis for this request for § 2255 relief.

The Government responded to petitioner's § 2255 Motion on September 22, 2015 (Doc. No. 106), after the Court granted the Government's Motion for an order recognizing petitioner's waiver of the attorney-client privilege. (Doc. No. 95.) In summary, the Government argued that petitioner's Motion should be dismissed because 1) he failed to demonstrate he exhausted his administrative remedies before filing his Motion, and 2) 26 U.S.C. § 2255 is not an appropriate vehicle for an attack on the execution of a sentence. Moreover, because petitioner, after February 23, 2015, explained to his former trial counsel that his ineffective assistance of counsel claim was brought forth without his knowledge, the Government argues that he should be given the opportunity to withdraw the claim rather than have the Court consider it in the absence of any administrative appeal of his sentence. The Court agrees that petitioner's Motion should be dismissed.

## II.     DISCUSSION

### A.  Standard of Review and Legal Framework

Title 28, United States Code, Section 2255 requires a prisoner to show that he has the right for sentence modification because:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.  A motion pursuant to § 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152 (1982).  Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Claims of ineffective assistance of counsel are governed by the two-part test prescribed by Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Keys v. United States, 545 F.3d 644, 646 (8th Cir. 2008).  Under Strickland, a defendant claiming ineffective assistance of counsel must show (a) that his attorney's performance was deficient and (b) that the attorney's deficient performance prejudiced his defense, and there is a "strong presumption" of competence.  Strickland, 466 U.S. at 689.  Courts considering claims of ineffective assistance of counsel must presume that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997); see also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

To meet the second part of the Strickland test, i.e., a showing of prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  Furthermore, because a movant's failure to establish prejudice is dispositive of a § 2255 motion, the Court need not address the reasonableness

of the attorney's representation if it is evident that the movant cannot prove prejudice. Apfel, 97 F.3d at 1076.

Section 2255 provides in part that a prisoner may challenge and seek to correct a sentence imposed as violating the Constitution, beyond the statutory maximum, or otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). Petitioner's submissions are based upon 18 U.S.C. § 3585, specifically, that the Federal Bureau of Prisons ("BOP") errantly calculated his sentencing credit for prior time served. Administrative exhaustion is required prior to challenging the computation of a sentence and the application of jail time credit. The Eighth Circuit Court of Appeals has instructed that:

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentence credit under [18 U.S.C. §] 3585(b). United States v. Wilson, 503 U.S. 329, 334-35 (1992) . . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his [or her] sentence. Wilson, 503 U.S. at 335; see also United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and, after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. Wilson, 503 U.S. at 335; United States v. Pardude, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which [a defendant' may resolve any dispute about the length of his [or her] time in state custody.

United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006).

B. Petitioner's Jail Credit Claim

Here, petitioner makes no allegation and provides no information demonstrating that he has fully exhausted (or even used) the appropriate administrative remedies available to him. Therefore his claim, insofar as he seeks a sentence reduction of 351

days for prior jail time served, is not properly before this Court. Accordingly, his claim does not constitute a cognizable claim for relief and must be denied.

Furthermore, petitioner's Motion is based upon a § 2255 claim of ineffective assistance of counsel. But his position is more correctly framed as a Section 2241 habeas corpus claim because it concerns the execution of his sentence. See e.g., Deroo v. United States, 709 F.3d 1242, 1245 (8th Cir. 2013) ("Deroo's § 2241 petition challenged the execution of his sentence, not its imposition, and was properly brought under § 2241"); United States v. Obeso-Melchor, No. 10-CR-0230(18) (PJS/FLN), 2012 WL 1941799 (D. Minn. May 29, 2012) at *2 (determining that district court did not have authority to grant relief when defendant improperly brought claim attacking execution of sentence under Section 2255); Flores-Flores v. United States, No. Civ. 05-140(RHK), 2005 WL 2000174, at *2 (D. Minn. Aug. 19, 2005) ("To the extent that Petitioner is challenging the BOP's execution of his sentence, he cannot seek relief in the trial court under 28 U.S.C. § 2255, but rather, he must seek relief in the district where he is confined, by filing a habeas corpus petition under 28 U.S.C. § 2241").

Therefore, even if petitioner had exhausted all administrative remedies, insofar as his claim seeks computation of credit for time served, it is not cognizable because this Court has no jurisdiction to hear a challenge to the execution of his sentence pursuant to § 2255. The claim should be made pursuant to 28 U.S.C. § 2241 after he has exhausted his administrative remedies. According to the Government, such a process would involve an appropriate filing in the United States District Court for the District of Kansas, where petitioner is carrying out his sentence.

C.  Petitioner's Ineffective Assistance Claim

Petitioner's jail credit claim is premised upon a claim of ineffective assistance of counsel. But petitioner has subsequently (and apologetically) stated to his former trial counsel that he did not intend to assert an ineffective assistance of counsel claim, and that another person in prison with petitioner did so without his approval. See Affidavit of James Becker, Esq. and attachment.[2]

On this record, the Court must reject Schoenfelder's ineffective assistance of counsel claims because it is evident that he did not intend to have the Section 2255 Motion filed in the first instance. The facts provided to this Court show that petitioner cannot make a showing that his counsel was deficient in any respect, and cannot show prejudice warranting relief even if the jail credit claim was properly brought pursuant to Section 2241. The facts, including petitioner's own admissions to his former trial counsel, demonstrate the contrary.

III.   NO HEARING IS NECESSARY

"A defendant is entitled to a hearing on a § 2255 motion 'unless the motion, files, and record conclusively show' that the defendant is not entitled to relief." United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005) (quoting Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001)). Here, the record conclusively demonstrates that

---

[2] The Court has reviewed the Affidavit of Attorney James Becker and attendant correspondence by petitioner to his former counsel, as submitted by the Government as part of its response to petitioner's Motion. (Doc. No. 106, Ex. 1.) These materials were first provided to the Government pursuant to this Court's Order, for purposes of aiding the Court's resolution of petitioner's Section 2255 Motion. (Doc. No. 95.)

7

Schoenfelder is not entitled to relief, and therefore a hearing on his § 2255 Motion will not occur.

IV.     NO CERTIFICATE OF APPEALABILITY WILL BE GRANTED

Although the Court does not anticipate that Schoenfelder will seek Eighth Circuit review of this Order, this Court today makes clear that a federal prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  A district court cannot grant a certificate of appealability unless the prisoner "has made a *stubstantial showing* of the denial of a constitutional right."  Id. at § 2253(c)(2) (emphasis added); accord Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006).  Furthermore, a certificate of appealability will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253.").  Rather, a prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997); accord Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Petitioner has made no such showing here.

Therefore, the Court concludes that a certificate of appealability would not be appropriate.  Schoenfelder's claims have been fully addressed herein and they lack merit. His claims are not "debatable among reasonable jurists." Cox, 133 F.3d at 568.  Nor has

he shown sufficient reason to believe that any other court – including the Eighth Circuit – would decide his claim any differently than decided here.  He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case warranting appellate review.  Thus, the Court concludes that Schoenfelder is not entitled to a certificate of appealability.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED:**

1.  Petitioner Schoenfelder's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 91) is **DENIED**; and

2.  Schoenfelder is not entitled to a certificate of appealability should he attempt to appeal this Order to the Eighth Circuit.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 13, 2015

                                            s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge